UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

JORGE CABRAL, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

RYDER LAST MILE, INC., a California Corporation,
and FLORIDA BRYAN DELIVERY CORPORATION,
a Florida Corporation,

    Defendants.
_____/

# COMPLAINT

1.    Plaintiff, JORGE CABRAL (hereinafter referred to as "Plaintiff" and "CABRAL"), is an individual residing in Broward County, Florida.

2.    Defendants, RYDER LAST MILE, INC., a California Corporation, and FLORIDA BRYAN DELIVERY CORPORATION, a Florida Corporation (collectively referred to as "Defendants"), have at all times material to this Complaint owned and operated a delivery services business in Florida and numerous other States across the United States.

3.    Defendant, RYDER LAST MILE, INC. ("RYDER"), a business that operates as a provider of transportation and supply chain management products, has at all times material to this Complaint had a corporate office at 11690 N.W. 105th Street, Miami, Florida 33178 and has also conducted operations through one or more warehouses including at 2401 Southwest 34th Avenue, Hollywood, Florida 33023, within the jurisdiction of the Court.

4.    Defendant, FLORIDA BRYAN DELIVERY CORPORATION ("BRYAN DELIVERY"), operates as a delivery company that—based upon information and belief—only

1

services RYDER and at all times material to this Complaint has had its principal place of business located at 880 E. 41 Street, Hialeah, Florida 33013 and has conducted operations through one or more warehouses including at 2401 Southwest 34th Avenue, Hollywood, Florida 33023, within the jurisdiction of the Court.

     5.     At all times material to this Complaint, Defendants, RYDER and BRYAN DELIVERY, directly or indirectly, acted in the interest of an employer toward CABRAL and the other similarly situated delivery helpers and/or drivers, however variously titled, and Defendants were a "joint employer" within the meaning of the Fair Labor Standards Act because, *inter alia*: (a) RYDER and BRYAN DELIVERY controlled the work performed by CABRAL and the other delivery helpers and/or drivers, including, but not limited to, requiring Plaintiff and the others similarly situated to him to meet at RYDER's warehouse every morning to pick up the truck provided by RYDER, receive the work orders that included the delivery equipment/products of the day and the designated location, and return to RYDER's warehouse every night to clear out the truck and provide RYDER with the paperwork for all deliveries completed per day, when work was performed locally; (b) RYDER and BRYAN DELIVERY controlled when CABRAL and other delivery helpers and/or drivers were sent to work in other states and covered expenses such as airfare, hotel, and rental car expenses; (c) RYDER and BRYAN DELIVERY supervised the work of CABRAL and other delivery helpers and/or drivers by following up with customers on the employees' quality of work and compliance with RYDER's procedures; (d) RYDER and BRYAN DELIVERY had the power to determine the pay rates and method of pay for CABRAL and other delivery helpers and/or drivers, and RYDER also had the power to make deductions from the wages of Plaintiff and other delivery helpers and/or drivers; (e) RYDER and BRYAN DELIVERY had the ability to reprimand, suspend, or fire CABRAL and the other similarly

situated delivery helpers and/or drivers if they did not comply with RYDER's rules and procedures; (f) RYDER regularly deducted amounts from the earned wages of CABRAL and other delivery helpers and/or drivers when RYDER's customers made complaints about delivery services; (g) RYDER owned and/or managed the warehouse(s) where BRYAN DELIVERY has operated and managed deliveries on a day-to-day basis; (h) RYDER and BRYAN DELIVERY required CABRAL and other delivery helpers and/or drivers to perform work integral to Defendants' business, including but not limited to, accompanying and helping drivers to make deliveries to RYDER's customers of mattresses, furniture, and other products to various stores and to assemble furniture to customers; and (i) RYDER and BRYAN DELIVERY provided the necessary trucks, equipment, and facilities for CABRAL and other delivery helpers and/or drivers to perform their daily job duties.

6. Alternately, Defendants, RYDER and BRYAN DELIVERY, and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of CABRAL and the other similarly situated delivery helpers and/or drivers because each, respective division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to Plaintiff and the other individuals similarly situated to him. As a second alternative, Defendants, RYDER and BRYAN DELIVERY, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of CABRAL because they commonly controlled the terms of compensation and employment of Plaintiff and the other similarly situated delivery helpers and/or drivers because Defendants are not completely disassociated with respect to the terms of compensation and employment of Plaintiff and the other individuals similarly situated to him. As a final alternative, Defendants, RYDER and BRYAN DELIVERY, and each of their divisions, subsidiaries or affiliates, and

parent entities, however constituted, directly or indirectly acted in the interest of an employer toward CABRAL and the other similarly situated delivery helpers and/or drivers at all material times to this Complaint, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and the others similarly situated to him.

7. CABRAL brings this action on behalf of himself[1] and other current and former delivery helpers and/or drivers of RYDER and BRYAN DELIVERY similarly situated to Plaintiff who have worked as misclassified independent contractors for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b). It is the intent of this collective action to apply to all similarly situated employees of Defendants regardless of location.

8. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337 & §1367.

9. A substantial part of the events giving rise to this action occurred in Broward County and Miami-Dade County, Florida within the jurisdiction of the United States District Court for the Southern District of Florida.

10. At all times material to this Complaint including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, RYDER and BRYAN DELIVERY have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including during the years 2017, 2018, 2019, and 2020, RYDER and BRYAN DELIVERY have employed two (2) or more employees who, *inter alia*, have regularly: (a) handled and worked with

---

[1] Attached hereto is a signed Consent to Join of JORGE CABRAL.

mattresses, furniture, and other products which were all goods and/or materials moved in or produced for commerce; (b) handled and worked with trucks and commercial moving equipment which were goods and/or materials moved in or produced for commerce; (c) handled and worked with computers, telephones, papers, pens, and other supplies and materials in the operation of Defendants' delivery services business, all of which were goods and/or materials moved in or produced for commerce; and (d) processed and participated in credit card and electronic bank transactions in interstate commerce for customers outside the State of Florida including but not necessarily limited to in California, Colorado, and Massachusetts.

11.     Based upon information and belief, the annual gross sales volume of RYDER and BRYAN DELIVERY, individually and/or collectively, has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020.

12.     At all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, RYDER and BRYAN DELIVERY have constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

13.     Between approximately January 2018 and January 2019, CABRAL worked as a delivery helper for RYDER and BRYAN DELIVERY, with Plaintiff's primary job duties consisting of non-exempt manual labor for Defendants to assist in delivering furniture and goods for RYDER through BRYAN DELIVERY to customers in Florida, as well as in other States including but not necessarily limited to the following locations: (a) San Francisco, California; (b) Boston, Massachusetts; and (c) Denver, Colorado.

14. At all times material to this Complaint between approximately January 2018 and January 2019, CABRAL was himself individually engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §207(a)(1), because, *inter alia*, Plaintiff regularly traveling across State lines to carry out deliveries for RYDER and BRYAN DELIVERY including but not necessarily limited to Plaintiff traveling from Florida to other States and Plaintiff making deliveries for Defendants in (a) San Francisco, California; (b) Boston, Massachusetts; and (c) Denver, Colorado.

15. The facts and circumstances of the work CABRAL performed for RYDER and BRYAN DELIVERY between approximately January 2018 and January 2019 reveal and confirm that Plaintiff was an employee of Defendants under the law, not an independent contractor, including but not limited to because:

   (a) Plaintiff worked on a permanent and continuous basis between January 2018 and January 2019 carrying out non-exempt manual labor to carry out deliveries for Defendants each week;
   (b) Plaintiff was wholly dependent on Defendants for earning his livelihood between January 2018 and January 2019;
   (c) Plaintiff had no opportunity for profit or loss dependent upon any managerial skill of Plaintiff between January 2018 and January 2019;
   (d) Defendants exercised direct and extensive control over the manner in which and times at which Plaintiff was required to perform work each day for Defendants between January 2018 and January 2019;
   (e) the duties Plaintiff carried out on a daily basis in Defendants' delivery business between January 2018 and January 2019 did not require specialized skills by Plaintiff; and
   (f) Plaintiff's manual labor for Defendants between January 2018 and January 2019 were an integral part of Defendants' delivery services business.

16. At all times material to this Complaint, Defendants, RYDER and BRYAN DELIVERY were employers or a joint employer of CABRAL and the other similarly situated delivery helpers and/or drivers, however variously titled, within the meaning of the FLSA, 29 U.S.C. §203(d).

17. During multiple work weeks between approximately January 2018 and January 2019, CABRAL regularly worked an average of six (6) days per week for RYDER and BRYAN DELIVERY with Plaintiff's start times as early as approximately 6:00 a.m. and stop times as late as approximately 11:30 p.m.—up to as many as approximately sixteen (16) hours per day—regularly averaging between approximately Sixty (60) and Eighty-Eighty (88) hours per week, including Plaintiff frequently working hours "off the clock" for Defendants which were not recorded by Defendants.

18. Between approximately January 2018 and January 2019, Defendants paid CABRAL based upon day rates of approximately: (a) $110.00 per day for deliveries in Florida between January 2018 and February 2018; (b) $160.00 per day for deliveries in San Francisco, California between February 2018 and March 2018; (c) $170.00 per day for deliveries in Florida between March 2018 and mid-April 2018; (d) $180.00 per day for deliveries in Boston, Massachusetts between mid-April 2018 and October 2018; (e) $180.00 per day for deliveries in Denver, Colorado and Boston, Massachusetts between early October 2018 and mid-January 2019.

19. The additional persons who may become Plaintiffs in this action are RYDER's and BRYAN DELIVERY's current and former delivery helpers and/or drivers, however variously titled, who have worked for Defendants at any location in one or more weeks between December 2017 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants within the three (3) year statute of limitations period.

20. CABRAL and the similarly situated delivery helpers were hired by BRYAN DELIVERY to assist drivers with delivering and assembling furniture solely for RYDER.

21. RYDER willfully chose to uniformly misclassify CABRAL and the other similarly

situated delivery helpers and/or drivers as independent contractors by attempting to sub-contract BRYAN DELIVERY to deliver RYDER's products to its customers. As a result, CABRAL and the other delivery helpers and/or drivers, however variously titled, were jointly employed by RYDER and BRYAN DELIVERY and were improperly classified as independent contractors of RYDER during multiple work weeks within the three (3) year statute of limitations period between December 2017 and the present when in reality RYDER and BRYAN DELIVERY acted as a joint enterprise.

22. RYDER is in the business of delivering mattresses, furniture, and other products to its customers, such that delivery services are an integral part of RYDER's business, and at all times material to this Complaint between December 2017 and the present, RYDER required that all delivery drivers have their trucks fully wrapped in RYDER's logos.

23. Throughout the three (3) year statute of limitations period between December 2017 and the present, RYDER customarily and regularly dictated who BRYAN DELIVERY hired and who BRYAN DELIVERY fired, and RYDER customarily and regularly required CABRAL and the other similarly situated delivery helpers and/or drivers, however variously titled, to provide RYDER's customers exceptional service as outlined in their handbook and procedures.

24. Moreover, throughout the three (3) year statute of limitations period between December 2017 and the present, if CABRAL and the other similarly situated delivery helpers and/or drivers did not comply with Defendants' requirements, RYDER had the power to discipline, suspend, or terminate CABRAL and other similarly situated workers, in addition which RYDER regularly deducted money from the earned wages of Plaintiff and other delivery helpers and/or drivers as a result of complaints made by RYDER's customers.  Similarly, BRYAN DELIVERY regularly required CABRAL and other delivery helpers and/or drivers to work double shifts, as

per RYDER's requirements.

25. Based upon information and belief, between December 2017 and the present, RYDER has been BRYAN DELIVERY's only "client" and RYDER created a payment structure of hiring delivery companies, such as BRYAN DELIVERY, in order evade the overtime compensation requirements of the Fair Labor Standards Act.

26. During numerous work weeks within the three (3) year statute of limitations period between approximately January 2018 and January 2019, CABRAL regularly worked in excess of Forty (40) hours per week for RYDER and BRYAN DELIVERY while performing primary duties that were non-exempt for the benefit of Defendants.

27. Likewise, the other delivery helpers and/or drivers, however variously titled, of RYDER and BRYAN DELIVERY who are similarly situated to CABRAL have regularly performed non-exempt manual labor for Defendants in excess of Forty (40) hours in one or more work weeks within the three (3) year statute of limitations period between December 2017 and the present.

28. However, RYDER and BRYAN DELIVERY have failed to pay time and one-half wages required by the Fair Labor Standards Act for all overtime hours worked by CABRAL and the other similarly situated salaried delivery helpers and/or drivers, however variously titled, for all of their actual overtime hours worked during multiple work weeks within the three (3) year statute of limitations period between December 2017 and the present as a result of, *inter alia*, Defendants: (a) misclassifying Plaintiff and other delivery helpers and/or drivers as independent contractors and compensating them on a day rate without the overtime wages mandated by the FLSA; and (b) failing to maintain accurate records of all of the actual overtime hours worked by Plaintiff and other delivery helpers and/or drivers.

29. Based upon information and belief, RYDER and BRYAN DELIVERY have failed to maintain accurate records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by CABRAL and other delivery helpers and/or drivers, however variously titled, during each week between approximately December 2017 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

30. RYDER and BRYAN DELIVERY had knowledge of the hours worked each week and in excess of Forty (40) hours per week by CABRAL and other delivery helpers and/or drivers, however variously titled, during each week between December 2017 and the present but Defendants have willfully failed to compensate Plaintiff and the other similarly situated employees for all of their actual regular and overtime hours worked for Defendants, instead accepting the benefits of the work performed by Plaintiff and other employees without the overtime compensation required by the FLSA.

31. The complete records reflecting the compensation paid by RYDER and BRYAN DELIVERY to CABRAL and all other delivery helpers and/or drivers, however variously titled, at any location between December 2017 and the present are in the possession, custody, and/or control of Defendants.

<u>**COUNT I**</u>
<u>**OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**</u>

32. Plaintiff, JORGE CABRAL, readopts and realleges the allegations contained in Paragraphs 1 through 31 above.

33. CABRAL is entitled to be paid time and one-half of his applicable regular rates of pay for each hour he worked for RYDER and BRYAN DELIVERY as a non-exempt employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately January 2018 and January 2019.

34. Subject to discovery, based upon RYDER and BRYAN DELIVERY paying CABRAL based upon day rates of between $110.00 to $180.00 per day between January 2018 and January 2019 and Plaintiff being owed unpaid overtime wages at half-time rates between approximately $4.43/hour and $11.39/hour during approximately Forty-Three (43) work weeks for an overall total of approximately 1,195 overtime hours, Plaintiff's unpaid overtime wages total approximately $8,882.03.

35. All similarly situated delivery helpers and/or drivers, however variously titled, of RYDER and BRYAN DELIVERY are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants at any location but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between December 2017 and the present.

36. RYDER and BRYAN DELIVERY knowingly and willfully failed to pay CABRAL and the other delivery helpers and/or drivers, however variously titled, similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week between December 2017 and the present.

37. At all times material to this Complaint, RYDER and BRYAN DELIVERY had constructive and actual notice that Defendants' compensation practices did not provide CABRAL and other delivery helpers and/or drivers, however variously titled, with time and one-half wages for all of their actual overtime hours worked between December 2017 and the present based upon, *inter alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees.

38. By reason of the said intentional, willful and unlawful acts of RYDER and BRYAN DELIVERY, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered

damages plus incurring costs and reasonable attorneys' fees.

39. Based upon information and belief, at all times material to this Complaint, RYDER and BRYAN DELIVERY did not have a good faith basis for their failure to pay time and one-half wages for all of the actual overtime hours worked by CABRAL and other delivery helpers and/or drivers, however variously titled, between December 2017 and the present, as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

40. CABRAL has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from RYDER and BRYAN DELIVERY all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

41. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, JORGE CABRAL, and any current or former individuals similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, RYDER LAST MILE, INC. and FLORIDA BRYAN DELIVERY CORPORATION, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated:  December 2, 2020                    Respectfully submitted,

            By: **KEITH M. STERN**
               Keith M. Stern, Esquire
               Florida Bar No. 321000
               E-mail:  employlaw@keithstern.com
               LAW OFFICE OF KEITH M. STERN, P.A.
               80 S.W. 8th Street, Suite 2000
               Miami, Florida 33130
               Telephone:  (305) 901-1379

               Andres F. Fernandez, Esquire
               Florida Bar No.: 111967
               E-mail:  fernandez@dfmlawyers.com
               pleadings@dfmlawyers.com
               DEL CRISTO, FERNANDEZ & MONJE, P.A.
               2655 S. Le Jeune Road, PH 2-A
               Coral Gables, Florida 33134
               Telephone: (305) 329-2990

               Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendants, **Ryder Last Mile, Inc. and Florida Bryan Delivery Corp.**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2.      I hereby designate the Law Office of Keith M. Stern, P.A. and Del Cristo Fernandez & Monje, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

_/s/ Jorge Cabral_

**Jorge Cabral**